UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ELBERT DUVALL, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:14-CV-350-RLM-PRC |
| | ) |
| RODNEY LEWIS, PRESIDENT LOCAL 1014, AND MARGIE COMACHO, | ) |
| | ) |
| DEFENDANTS. | ) |

OPINION and ORDER

Defendants Rodney Lewis and Margie Comacho filed a motion to dismiss plaintiff Elbert Duvall's *pro se* complaint. The court notified Mr. Duvall of his obligation to respond to the motion. He hasn't responded, and the time to do so has passed.

In his complaint, Mr. Duvall says that he worked for the Local 1014 of the U.S. Steelworkers Union for thirty years. Mr. Duvall claims he was injured on the job in 2014, but was denied worker's compensation for that injury. Less than a week later, he says the Union's president, Mr. Lewis, terminated his employment for "not cleaning the building and leaving it nasty, and also for allegedly making threats to him." Mr. Duvall says these accusations are false. Mr. Duvall claims his replacement is 22 years old and Hispanic and within the past year the Union has replaced all of the African American employees with Hispanic employees. Mr. Duvall alleges that he was discriminated against based on his race – African American – and age – 66. On a form employment

discrimination complaint, Mr. Duvall alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, the Age Discrimination in Employment Act, 29 U.S.C. § 623, and his equal rights under the law, 42 U.S.C. § 1981. He attached a copy of his Charge of Discrimination (received by the Indianapolis EEOC office on May 6, 2014) to the complaint and indicated that he received a right to sue notice from the EEOC on July 28, 2014.

The defendants don't specify the basis for the motion to dismiss, but both contend the complaint doesn't state a claim upon which relief may be granted, which is grounds for dismissal under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts to be true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). To survive a dismissal motion, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (*quoting* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Mindful of Mr. Duvall's *pro se* status, the court reads his complaint liberally. Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir. 1998). The court will "give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." Id. Still, the court is under "no obligation to act as counsel or paralegal to *pro se* litigants." Myles v. United

States, 416 F.3d 551, 552-553 (7th Cir. 2005) (*quoting* Pliler v. Ford, 542 U.S. 225, 231 (2004)).

DEFENDANT MARGIE COMACHO

Ms. Comacho argues that neither the complaint nor the EEOC charge contains an allegation that she did anything illegal or improper. Indeed, the only mention of Ms. Comacho in either document is her name in the caption of the complaint. The minimum requirements for pleading a claim for relief are found in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and each allegation to be "simple, concise, and direct." FED. R. CIV. P. 8(a)(2), (d)(1). Mr. Duvall's complaint doesn't contain any facts that relate to Ms. Comacho and, consequently, doesn't state a claim against her.

DEFENDANT RODNEY LEWIS

Mr. Lewis first addresses the Title VII and ADEA claims. He argues a person who isn't an employer can't be held liable for discrimination under either statute. The court agrees. *See* Cianci v. Pettibone Corp., 152 F.3d 723, 729 (7th Cir. 1998) ("[I]ndividual supervisors who are not otherwise employers cannot be sued under Title VII or the ADEA.") (*citing* Matthews v. Rollins Hudig Hall Co., 72 F.3d 50, 52 n.2 (7th Cir. 1995) (ADEA); Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995) (Title VII)). Mr. Duvall's EEOC charge says he was employed by U.S. Steelworkers Union Local 1014. Mr. Lewis wasn't Mr. Duvall's employer and so can't be held liable under Title VII or the ADEA. As a

result, Mr. Duvall hasn't pleaded a plausible Title VII or ADEA claim against Mr. Lewis.

Next, Mr. Lewis addresses Mr. Duvall's claim under 42 U.S.C. § 1981. Mr. Lewis argues Mr. Duvall didn't allege that Mr. Lewis made any decisions based on race. "[S]ection 1981 affords to '[a]ll persons . . . the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens'" and "some showing of differential treatment on the basis of race is a necessary element of a claim under that statute." Rush v. McDonald's Corp., 966 F.2d 1104, 1119 (7th Cir. 1992) (*quoting* 42 U.S.C. § 1981). In the complaint, Mr. Duvall alleges facts that relate to age discrimination and says, "Rodney Lewis discriminate[d] against me due to my age." An EEOC charge isn't required for a § 1981 claim, Ajayi v. Aramark Bus. Servs., Inc., 336 F.3d 520, 530 (7th Cir. 2003), but to generously construe Mr. Duvall's pleading, the court also reviewed the allegations contained in Mr. Duvall's EEOC charge that was attached to the complaint. In the EEOC charge, he stated, "On April 23, 2014, I was terminated by Mr. Lewis allegedly for not cleaning the building and leaving it nasty, and also for allegedly making threats to him." Mr. Duvall's complaint, with or without the EEOC charge allegations, doesn't allege that Mr. Lewis treated employees differently based on their race – an essential element of a § 1981 claim. Mr. Duvall's only specific allegation regarding race was that, "Within the last year, Respondent Employer has let go all African American employees and replaced them with all Hispanic employees." His employer,

however, wasn't named in the complaint. Mr. Duvall doesn't state a plausible § 1981 claim against Mr. Lewis.

CONCLUSION

The complaint doesn't state claims upon which relief may be granted against either defendant. Accordingly, the court GRANTS defendants' motion to dismiss (Doc. No. 12) and ORDERS this cause DISMISSED. The court affords Mr. Duvall until June 9, 2015 within which to file an amended complaint if he wishes to do so.

SO ORDERED.

ENTERED: May 26, 2015

/s/ Robert L. Miller, Jr.
Judge
United States District Court